UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR, | No. 2:15-cv-0705 AC P |
| Plaintiff, | |
| v. | ORDER |
| CHERNISS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

I.      Request to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)
////

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2  ed. 2004)).

3      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5  Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint
8  under this standard, the court must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12     III.    Complaint

13     Plaintiff filed his original complaint on March 25, 2015. ECF No. 1. Before the court
14 could screen the complaint, plaintiff filed a first amended complaint. ECF No. 5. The court will
15 proceed to screen the first amended complaint.

16     The first amended complaint alleges that on August 5, 2014, plaintiff was was on his way
17 to the chow hall when he was approached by defendants Cherniss and Olmedo. ECF No. 5 at 2.
18 Defendant Cherniss allegedly told plaintiff that he could search plaintiff before he went into the
19 chow hall, and did not have to wait until plaintiff exited the chow hall to search him. Id. Plaintiff
20 alleges that he complied with defendant Cherniss' orders and that during the search, defendant
21 Cherniss "went between [his] legs and sq[u]eezed [his] penis and testicals in a sexual manner that
22 was totally unprofessional." Id. Plaintiff immediately protested the contact and when other
23 officers in the area began to look over and inquire into what happened, defendant Cherniss smiled
24 and denied grabbing plaintiff's penis. Id. at 3. Defendant Olmedo, who was present during the
25 search, did nothing to stop the inappropriate contact and smiled at plaintiff as though she thought
26 the situation was funny. Id. Plaintiff further alleges that defendant Olmedo and Doe defendants
27 conspired to hide and not report the sexual misconduct after it took place, and appears to allege
28 that he was searched because he is black and disabled. Id. at 3-4. Finally, plaintiff alleges that

defendant Duffy has previously taken action against defendant Cherniss for "misconduct and improper searches in the past," but still allowed him to become a sergeant and placed him in a supervisory position. Id. at 5. After this incident, Duffy allegedly "took on action to curb or discipline Sgt. Cherniss for his actions." Id.

### IV.   Failure to State a Claim

#### A.   Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Plaintiff appears to allege that he was targeted by defendant Cherniss because of his race and disability and states that defendants Cherniss and Olmedo did not search any other ethnic groups. ECF No. 5 at 4. However, these facts are insufficient to support an equal protection claim. Although plaintiff does allege that Cherniss has a history of misconduct and inappropriate searches, there are no facts to establish that he targeted any particular class of inmates. Id. at 5. Nor are there facts from which the court can infer discriminatory intent, such as the use of racial slurs or other discriminatory language. Plaintiff's equal protection claim will therefore be dismissed, but he will be given the option to amend the complaint.

#### B.   Americans with Disabilities Act

Although plaintiff cites the Americans with Disabilities Act (ADA), he appears to do so solely for the purpose of establishing that he is a member of a protected class (ECF No. 5 at 4) and the court does not find any cognizable ADA claims within the first amended complaint. If plaintiff chooses to exercise his option to amend the complaint and seeks to make a claim under the ADA, he must allege facts that establish the following four elements in order to state a cognizable claim:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010) (alteration in original) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)). In other words, he must allege that he was denied a benefit or service accorded similarly situated individuals "by reason of" his disability.

### C. Failure to Protect

An officer is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Failing to report an incident that has already taken place, without more, does not constitute a disregard for an excessive risk to inmate health or safety. Plaintiff alleges that defendant Olmedo and Doe defendants failed to report the alleged sexual contact by defendant Cherniss. ECF No. 5 at 3. Failure to report the incident does violate the Eighth Amendment absent facts showing that by failing to report the incident, defendants knowingly disregarded an excessive risk to plaintiff's health or safety. Moreover, the allegation that not reporting the incident was a violation of department policy and state law does not establish that there was a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citations omitted). Plaintiff's claims regarding defendant Olmedo and Doe defendants' failure to report will therefore be dismissed with leave to amend.

With respect to the Doe defendants, plaintiff is advised that the use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, amendment is allowed to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Plaintiff is further advised that even if he is able to state a claim against the currently unknown officers, the court is unable

5

1  to serve unidentified defendants and will not be able to serve the complaint on the officers until
2  they are identified by name.

      D.      Conspiracy

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

Gillespie, 629 F.2d at 641 (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102. To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985)). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing Cassettari v. Nevada County, 824 F.2d 735, 739 (9th Cir. 1987)).

      Here, plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be granted. There is absolutely no indication of any agreement between any of the defendants, as mere joint employment by the California Department of Corrections and Rehabilitation is insufficient to establish the common objective required for a conspiracy. Additionally, the alleged failure to report does not state a claim for violation of plaintiff's constitutional rights so there is no valid claim under section 1983 upon which to base the conspiracy claim.

      To the extent plaintiff may be attempting to make a conspiracy claim under state law, "[t]he elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." Rusheen v. Cohen, 128 P.3d 713, 722 (Cal. 2006) (citing Doctors' Co. v. Superior

Court, 775 P.2d 508, 510-11 (1989)). Plaintiff has not alleged facts that would satisfy any of these elements and any state law claim for conspiracy will also be dismissed.

For these reasons, plaintiff's conspiracy claims will be dismissed with leave to amend.

V.  Claims for Which a Response Will Be Required

   A.  Eighth Amendment

      1. Sexual Harassment

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). "The alleged pain may be physical or psychological." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993)).

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F. 1041, 1046 (9th Cir. 2012) (citations omitted). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 257 (2nd Cir. 2015). "[S]exual contact between a prisoner and a prison guard serves no legitimate role and 'is simply not part of the penalty that criminal offenders pay for their offenses against society.'" Wood, 692 F.3d at 1050 (quoting Farmer, 511 U.S. at 834) (some internal quotation marks omitted). "Where there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" Id. (alteration in original) (quoting Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999)). "[T]here is no requirement that the plaintiff produce evidence of injury; '[r]ather, the only requirement is

1   that the officer's actions be offensive to human dignity.'" Id. (quoting Schwenk, 204 F.3d at
2   1196) (some internal quotation marks omitted).
3         However, not "every malevolent touch by a prison guard gives rise to a federal cause of
4   action." Hudson, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of
5   'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis*
6   uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience
7   of mankind.'" Id. at 9-10 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (some internal
8   quotation marks omitted).
9         Plaintiff has alleged that defendant Cherniss "sq[u]eezed [his] penis and testicals in a
10  sexual manner" during a clothed body search. Moreover, plaintiff's allegations regarding
11  Cherniss' demeanor and history of such conduct supports an inference that the search may have
12  been a pretext for defendant's inappropriate touching of plaintiff's genitals. At the pleading
13  stage, plaintiff's allegations are sufficient to state a claim for violation of his Eighth Amendment
14  rights and defendant Cherniss will be required to respond to the complaint.
15        2.   Failure to Protect
16        "The Constitution does not mandate comfortable prisons, but neither does it permit
17  inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A]
18  prison official violates the Eighth Amendment only when two requirements are met. First, the
19  deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission
20  must result in the denial of the minimal civilized measure of life's necessities." Id. at 834
21  (internal quotation marks and citations omitted). Second, the prison official must subjectively
22  have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or
23  safety." Id. (internal quotation marks and citations omitted). The official is not liable under the
24  Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or
25  safety; the official must both be aware of facts from which the inference could be drawn that a
26  substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he
27  must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.
28  Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's allegation that defendant Olmedo watched defendant Cherniss touch him inappropriately but failed to intervene and stop defendant Cherniss is sufficient to state an Eighth Amendment claim, and defendant Olmendo will be required to respond to this allegation.

### 3. Supervisory Liability

"There is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff alleges that defendant Duffy was aware of defendant Cherniss' history of inappropriate sexual contact during searches and the numerous complaints related to such conduct. ECF No. 5 at 5. He also alleges that Duffy previously "took action against Sgt. Cherniss." Id. Though plaintiff does not specify what kind of action was taken, his subsequent allegation that Duffy did not take "disciplinary or any other action to curb the known pattern of sexual abuse, misconduct and improper searching of inmates" indicates that whatever action taken was not punitive or designed to prevent the conduct. Id. at 6. Plaintiff has therefore alleged sufficient facts that defendant Duffy was aware of his subordinate's behavior and failed to take steps to prevent its continuation. Defendant Duffy will therefore be required to respond to the complaint.

### VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable equal protection, ADA, or conspiracy claims. It also does not state a cognizable claim for failure to protect based upon defendants' failure to report the incident. However, it appears that plaintiff may be able to allege facts sufficient to state a claim and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Cherniss, Olmedo, and Duffy on his Eighth Amendment claims, as set forth above, or he may delay serving any defendant and amend the complaint to attempt to state cognizable equal protection, ADA, conspiracy, and failure to protect claims. He is not required to amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed against defendants on his Eighth Amendment claims without amending the complaint, the court will send him the necessary forms for service of the complaint and the equal protection, ADA, conspiracy, and failure to protect claims will remain dismissed without prejudice.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. International Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa Cnty., 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, the previous pleadings no longer serve any function in the case. Therefore, in an amended complaint,
////

1 as in an original complaint, each claim and the involvement of each defendant must be
2 sufficiently alleged.

3     VII.    Summary

4     Plaintiff's motion for leave to proceed in forma pauperis is granted.

5     Some of the allegations in plaintiff's first amended complaint state claims against the
6 defendants and some do not. Plaintiff's allegations that defendant Cherniss touched him in a
7 sexual manner during a search, that defendant Olmedo failed to stop defendant Cherniss, and that
8 defendant Duffy knew that defendant Cherniss had a history of touching inmates inappropriately
9 during searches but did nothing to stop him each state a claim. The defendants will be required to
10 respond to these allegations.

11     Plaintiff's claim that he was discriminated against by defendants Cherniss and Olmedo
12 does not state a claim because plaintiff has not stated facts that show that he was targeted because
13 of his race and/or disability. It does not look like plaintiff is trying to make a claim under the
14 ADA, but if he is, his allegations do not state a claim because he has not explained how he was
15 denied access to a benefit or program because of his disability. Plaintiff's claim that defendant
16 Olmedo and Doe defendants did not report defendant Cherniss' misconduct also does not state a
17 claim because he does not explain how their failure to report created a serious risk to his health or
18 safety. Finally, plaintiff's conspiracy claim does not state a claim because he does not state any
19 facts that would show an agreement between defendants, there is no valid 1983 claim to base the
20 conspiracy allegation on, and, to the extent he is trying to make a state law claim, he has not
21 shown any injury as a result of the alleged conspiracy.

22     If he wishes, plaintiff may either (1) proceed immediately on his Eighth Amendment
23 claims against defendants Cherniss, Olmedo, and Duffy or (2) try to amend the complaint to state
24 claims for equal protection, violation of the ADA, conspiracy, and failure to protect based on
25 failure to report. If plaintiff wants to go forward without amending the complaint, his claims for
26 equal protection, violation of the ADA, conspiracy, and failure to protect based on failure to
27 report will remain dismissed without prejudice. If plaintiff chooses to amend his complaint, the
28 second amended complaint must include all of the claims plaintiff wants to make, including the

11

ones that have already been found to state a claim, because the court will not look at the claims or information in the original or first amended complaint. In other words, any claims not in the second amended complaint will not be considered. Plaintiff must complete the attached notification showing what he wants to do and return it to the court. Once the court receives the notice, it will issue an order telling plaintiff what he needs to do next (i.e. file an amended complaint or complete and return service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims for equal protection, violation of the ADA, conspiracy, and failure to protect based on failure to report are dismissed with leave to amend.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Cherniss, Olmedo, and Duffy, as set forth in Section V above, or to amend the complaint.

5. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened first amended complaint or whether he wants to file a second amended complaint.

DATED: April 20, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHERNISS, et al.,<br><br>　　　　Defendants.. | No. 2:15-cv-0705 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Cherniss, Olmedo, and Duffy without amending the complaint. Plaintiff understands that going forward without amending the complaint means that his claims for equal protection, violation of the ADA, conspiracy, and failure to protect based on failure to report will remain dismissed without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　TRAVYON C. HARBOR
　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1