UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR, | No. 2:15-cv-0705 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| CHERNISS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 20, 2016, plaintiff's first amended complaint was screened and found to state claims against defendants Cherniss, Olmedo, and Duffy. Following service, defendants filed an Answer on July 27, 2016. Plaintiff then filed a motion to file a second amended complaint, to which the defendants filed a statement of non-opposition. Accordingly, plaintiff's motion was granted, and he has now filed a second amended complaint. This pleading is before the court for screening. Also pending is plaintiff's request for appointment of a guardian ad litem ("GAL") or counsel.

**I.  Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

////

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California Medical Facility ("CMF") in Vacaville, California. He names as defendants CMF Warden Brian Duffy, Correctional Sergeant Cherniss, Correctional Sergeant O. Olmedo, and Does 1 through 20.

Plaintiff's allegations are similar to those previously asserted:

On August 5, 2014, plaintiff, a mobility-impaired Black inmate, was on his way to chow-hall for dinner when he was stopped for a search by defendants Cherniss and Olmedo. During the search, Cherniss grabbed and pulled on plaintiff's penis and testicles. Olmedo witnessed the

incident and heard plaintiff's complaint, but did not intervene. Other correctional officers also either witnessed the incident or were made aware of it afterward, but none reported it as required by prison regulations.

Plaintiff immediately asked to see medical because he was experiencing severe pain in his testicles, but his request was denied.

Cherniss has previously been accused of similar conduct by Black inmates. Although Warden Duffy was made aware of these accusations, he nonetheless promoted this defendant.

Plaintiff claims the defendants conspired to violate his rights under the Eighth Fourteenth Amendments. He seeks monetary damages.

**IV.     Discussion**

    **A.     Fourteenth Amendment Equal Protection**

The Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Plaintiff's equal protection claim again fails for the same reasons as in the court's April 20, 2016, screening order. That is, while plaintiff alleges that he was targeted by defendant Cherniss because of his race and disability, the facts asserted are insufficient to support an equal protection claim. Plaintiff again claims that Cherniss has a history of misconduct and inappropriate searches, but there are no facts to establish that he targeted any particular class of inmates. Nor are there facts from which the court can infer discriminatory intent, such as the use of racial slurs or other discriminatory language. Plaintiff's equal protection claim will therefore be dismissed without leave to amend.

////

////

////

**B. Eighth Amendment**

**1. Sexual Harassment or Abuse**

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). "The alleged pain may be physical or psychological." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993)).

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F. 1041, 1046 (9th Cir. 2012) (citations omitted). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 257 (2nd Cir. 2015). "[S]exual contact between a prisoner and a prison guard serves no legitimate role and 'is simply not part of the penalty that criminal offenders pay for their offenses against society.'" Wood, 692 F.3d at 1050 (quoting Farmer, 511 U.S. at 834) (some internal quotation marks omitted). "Where there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" Id. (alteration in original) (quoting Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999)). "[T]here is no requirement that the plaintiff produce evidence of injury; '[r]ather, the only requirement is that the officer's actions be offensive to human dignity.'" Id. (quoting Schwenk, 204 F.3d at 1196) (some internal quotation marks omitted).

////

////

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (some internal quotation marks omitted).

Plaintiff alleges that defendant Cherniss "sq[u]eezed [his] penis and testicles in a sexual arousal" during a clothed body search. Moreover, plaintiff's allegations regarding Cherniss' demeanor and history of such conduct supports an inference that the search may have been a pretext for defendant's inappropriate touching of plaintiff's genitals. At the pleading stage, plaintiff's allegations are sufficient to state a claim for violation of his Eighth Amendment rights.

### 2. Failure to Protect

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's allegation that defendant Olmedo watched defendant Cherniss touch him inappropriately but failed to intervene and stop defendant Cherniss is sufficient to state an Eighth Amendment claim.

5

### 3. Failure to Report

An officer is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Failing to report an incident that has already taken place, without more, does not constitute a disregard for an excessive risk to inmate health or safety. Plaintiff alleges that defendant Olmedo and Doe defendants failed to report the alleged sexual contact by defendant Cherniss. Failure to report the incident does not violate the Eighth Amendment absent facts showing that by failing to report the incident, defendants knowingly disregarded an excessive risk to plaintiff's health or safety. Moreover, the allegation that not reporting the incident was a violation of department policy and state law does not establish that there was a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citations omitted). Plaintiff's claims regarding defendant Olmedo and Doe defendants' failure to report will therefore be dismissed without leave to amend.

With respect to the Doe defendants, plaintiff is again advised that the use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, amendment is allowed to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Plaintiff is further advised that even if he is able to state a claim against the currently unknown officers, the court is unable to serve unidentified defendants and will not be able to serve the complaint on the officers until they are identified by name.

### 4. Medical Indifference

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff accuses defendants of failing to summon medical care after defendant Cherniss's conduct. This allegation does not state a medical indifference claim because plaintiff has not alleged that the delay in providing care was harmful. Without this necessary allegation, plaintiff fails to state a claim.

////

////

**C. Conspiracy**

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

Gillespie, 629 F.2d at 641 (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102. To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985)). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing Cassettari v. Nevada County, 824 F.2d 735, 739 (9th Cir. 1987)).

Here, plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be granted. There is absolutely no indication of any agreement between any of the defendants. Additionally, the alleged failure to report does not state a claim for violation of plaintiff's constitutional rights so there is no valid claim under section 1983 upon which to base the conspiracy claim.

To the extent plaintiff may be attempting to make a conspiracy claim under state law, "[t]he elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." Rusheen v. Cohen, 128 P.3d 713, 722 (Cal. 2006) (citing Doctors' Co. v. Superior Court, 775 P.2d 508, 510-11 (1989)). Plaintiff has not alleged facts that would satisfy any of these elements and any state law claim for conspiracy will also be dismissed.

For these reasons, plaintiff's conspiracy claims will be dismissed without leave to amend.

### D. Supervisory Liability

"There is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff alleges that defendant Duffy was aware of defendant Cherniss' history of inappropriate sexual contact during searches and the numerous complaints related to such conduct. He also alleges that Duffy previously took some sort of unspecified action against Sgt. Cherniss. Though plaintiff again does not specify what kind of action was taken, his subsequent allegation that Duffy did not take discipline Cherniss but instead promoted him suggests that the action taken was not intended to prevent it. Plaintiff has therefore alleged sufficient facts that defendant Duffy was aware of his subordinate's behavior and failed to take steps to prevent its continuation.

The claims against the defendants remain unchanged by the filing of the second amended complaint, and they will be ordered to file a responsive pleading.

### V. Motion Appointment of Guardian ad Litem or Counsel

Plaintiff's request for a GAL or attorney is premised on the post-traumatic stress disorder that he claims resulted from defendant Cherniss's conduct. Per plaintiff, he is currently experiencing night terrors, isolation, anxiety, paranoia delusions, fear, and frustration.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of

incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

Since plaintiff has presented no evidence concerning his current mental health condition, no evidence concerning the medications he is prescribed, and no evidence that others assist and/or prepare his legal filings, his motion for a competency hearing and for appointment of a GAL will be denied at this time.

Insofar as plaintiff seeks the appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Additionally, plaintiff's claim that he suffers from a mental health condition is unsupported by any evidence. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances

warranting the appointment of counsel at this time.

**VI.     Conclusion**

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendants shall file a responsive pleading to the second amended complaint within fourteen days from the date of this order; and

2. Plaintiff's request for appointment of a GAL or counsel is denied.

Dated: April 12, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/harb0705.scrn.2AC