UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR, | No. 2:15-cv-0705 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| CHERNISS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending is plaintiff's second request for appointment of counsel or a guardian ad litem ("GAL") based on post-traumatic stress disorder ("PTSD"). plaintiff's first request was denied on April 13, 2017, for lack of evidentiary support. (ECF No. 29.)

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists,

and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

As with his first request for a GAL, plaintiff's pending request is premised on the post-traumatic stress disorder he claims to suffer following defendant Cherniss's August 5, 2014, alleged sexual assault. As a result of that conduct, plaintiff asserts that he is currently experiencing night terrors, isolation, anxiety, paranoia delusions, fear, and frustration.

Plaintiff's first request was denied for lack of evidence of his mental impairment and its effect on his ability to litigate this action. In support of his renewed motion, plaintiff submits a number of documents, including the following:

(1) An October 10, 2016, request submitted by plaintiff to see a clinician "about his Mental Health Condition and PTSD." (ECF No. 33 at 11);

(2) An October 13, 2016, psychologist's report noting plaintiff's complaints of anxiety and stress related to the August 2014 incident. The examining psychologist suggested a PTSD group, consultation with a psychiatrist, and a referral to "CCCMS LOC." (ECF No. 33 at 13);

(3) An October 27, 2016, Mental Health Placement Chrono by the same psychologist who examined plaintiff two weeks earlier, noting plaintiff's complaints of anxiety, stress, inability to sleep, and audio hallucinations ("I hear his voice, he is laughing"). This psychologist indicated that plaintiff meets the inclusion criteria for the Mental Health Services Delivery System ("MHSDS") because he is experiencing anxiety, inability to sleep and disruptive thoughts. (ECF No. 33 at 12);

(4) A November 4, 2016, Mental Health Evaluation completed by C. Montgomery, Ph.D. noting that plaintiff was sexually assaulted once when he was three years old. He also noted plaintiff's symptoms as a result of the August 2014 incident, including anxiety, nightmares,

2

depression, and weight loss. These notes indicated that plaintiff's "[f]ocus and concentration were adequate. There did not appear to be any memory problems." Following an examination, Dr. Montgomery concludes as follows: "Pt has PTSD from the incident and is developing a major depression as a result of having to stay in the setting. He had some timidity when very young from the 1st abuse but he overcame thant [sic]. This assault has probably triggered the old emotional trauma as well." Dr. Montgomery then recommended a PTSD group one time per week for one month, a referral for a medication, and "CBT, grounding, exposure tx's." (ECF No. 33 at 19);

(5) A November 14, 2016, Interdisciplinary Progress Note from General Psychiatry where plaintiff noted himself indicated that he did not want to start any psychiatric medications at that point. Plaintiff was diagnosed with an adjustment disorder, no psych medications were indicated at that point, and he was advised to continue with "Therapy from PC." (ECF No. 33 at 25.)

(6) A November 17, 2016, Interdisciplinary Progress Note from Dr. Montgomery indicating that plaintiff was still "struggling with the thoughts and anxiety when back on the unit." Plaintiff was advised to not withdraw into his cell but instead to continue his activities and try mindfulness, active distraction, and other anxiety-reducing techniques. Dr. Montgomery noted plaintiff to be "calm and cooperative" with "linear and coherent" thoughts and "intact" memory. (ECF No. 33 at 26.)

(7) A November 29, 2016, Interdisciplinary Progress Note from Dr. Montgomery noting a recent incident of anxiety while plaintiff was watching football. Plaintiff was described as "stable but struggling with the thoughts and anxiety when back on the unit." (ECF No. 33 at 28.)

(8) A December 6, 2016, Interdisciplinary Progress Note from Dr. Montgomery noted an incident when defendant Cherniss was present during chow time and stood right next to plaintiff's seat causing plaintiff to feel anxious. Dr. Montgomery reviewed anxiety-reducing techniques with plaintiff. (ECF No. 33 at 29.)

(9) A December 19, 2016, Interdisciplinary Progress Note from Dr. Montgomery noting that plaintiff felt like "a huge weight has been lifted off of his shoulders" due to an upcoming transfer to another institution. Plaintiff "is sleeping a little better but is still extremey [sic] anxious

walking in the halls and around guards and crowds." (ECF No. 33 at 30.)

(10) Two recent Interdisciplinary Progress Notes from March 1 and 7, 2017, indicate that plaintiff "appears stable but still struggles with intrusive thoughts and anxiety." (ECF No. 33 at 31-32.)

The documentary evidence is helpful to establish that plaintiff suffers from anxiety and possibly PTSD as a result of defendant Cherniss's alleged conduct. None of this information, however, even remotely suggests that plaintiff lacks "the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, 2012 WL 4482053, at *2. For this reason, his motion for appointment of a GAL will be denied.

Insofar as plaintiff seeks the appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Additionally, plaintiff's claim that he suffers from a mental health condition, while supported by some evidence, fails to show that plaintiff lacks the ability to articulate his claims pro se. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

////

4

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's second request for appointment of counsel or a GAL is DENIED.

Dated: June 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/harb0705.gal