UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERNISS, et al.,<br><br>    Defendants. | No. 2:15-cv-0705 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against defendants Cherniss, Olmedo, and Duffy on claims arising from Cherniss's alleged sexual harassment of plaintiff. Defendants initially appeared in this case on July 27, 2016, and filed an answer to the most recent iteration of the pleading on April 26, 2017.

Pending now are two motions filed by plaintiff in which he claims that defense counsel impermissibly sought discovery from the California Medical Facility's ("CMF") Prison Litigation Coordinator, resulting in a legal litigation hold on and denial of access to plaintiff's prison central file. Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 11. Defendants oppose these motions.

////

////

1

At issue here is a July 18, 2016, letter written by defense counsel advising the CMF Litigation Coordinator to preserve and retain documents relevant to this litigation.[1] Decl. of Joseph R. Wheeler in Supp. of Defs.' Opp'n to Pl.'s Mot. for Sanct. (ECF No. 25-1) ¶¶ 2-5. The letter specifically asked that, among other records, plaintiff's central file be preserved notwithstanding any document retention policies of the institution. Id. The letter does not instruct the Litigation Coordinator to withhold the inmate's access to his central file or any other record (inasmuch as the inmate would be entitled to view it per prison regulations / policy). Id.

Rule 11 of the Federal Rules of Civil Procedure provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

By its own terms, Rule 11 is inapplicable here because defense counsel's July 18, 2016, letter was sent to the CMF Litigation Coordinator, not submitted to or filed with the court. It is therefore not a document "present[ed] to the court." In fact, the letter is ostensibly related to discovery since it concerns a litigation hold, and Rule 11 specifically excludes itself from matters relating to discovery. See Fed. R. Civ. P. 11(d) (titled, "Inapplicability to Discovery").

---

[1] Defendants have invoked the work-product privilege to justify their decision to not produce the letter for review by either plaintiff or the court. See Wheeler Decl. ¶ 4.

Nonetheless, the court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980). This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser–Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir.2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)). However, "disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994). The party facing sanctions has the burden of establishing its failure was harmless. Yeti by Molly Ltd., v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

On review, the court concludes that sanctions are not appropriate under the circumstances presented here. Plaintiff's many claims regarding the violations of his Fourth, Fifth, and Fourteenth amendment rights are unsupported. He has not, for example, submitted any evidence that he has been denied an opportunity to review his central file, that any such denial is related to defense counsel's letter, that documents from his central have been improperly produced to defense counsel, that he has been deprived of anything justifying due process protections, or even that he is a member of a protected class.

Letters such as that drafted by defense counsel are routine in litigation. This is because litigants are under a duty to preserve "'what [they know], or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.'" Zubulake v. UBS Warburg LLC (Zubulake IV), 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (quoting Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y. 1991)). The duty to preserve extends to "any documents or tangible things ... made by individuals 'likely to have

3

discoverable information that the disclosing party may use to support its claims or defenses.'" Id. at 217-18 (quoting Fed. R. Civ. P. 26(a)(1)(A)). The duty arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation. Id. at 216. Once the duty to preserve evidence is triggered, a party must "suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.), 462 F. Supp. 2d 1060, 1070 (N.D. Cal. 2006).

There is simply no evidence before the court that defense counsel's letter was anything more than a routine notice of litigation to the CMF Litigation Coordinator, thereby triggering a duty to preserve evidence. For these reasons, sanctions are not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 2, 2017, motion for sanctions (ECF No. 24) is denied;
2. Plaintiff's March 31, 2017, motion for contempt and sanctions (ECF No. 26) is denied; and
3. Plaintiff's April 27, 2016, motion to strike (ECF No. 32) is denied.

Dated: June 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/harb0705.sanctions